CARDIAC PACEMAKERS, INC., Guidant Sales Corporation, and Eli Lilly and Company, Plaintiffs–Appellants,

v.

ST. JUDE MEDICAL, INC., Pacesetter, Inc. and Ventritex, Inc., Defendants–Appellees.

Cardiac Pacemakers, Inc., Guidant Sales Corporation, and Eli Lilly and Company, Plaintiffs–Appellees,

v.

St. Jude Medical, Inc., Pacesetter, Inc. and Ventritex, Inc., Defendants–Appellants.

No. 01–1198, 01–1239.

United States Court of Appeals, Federal Circuit.

DECIDED: June 14, 2001.

ON MOTION

MICHEL, Circuit Judge.

ORDER

St. Jude Medical, Inc. et al. (St. Jude) move to dismiss or clarify the issues on appeal. Cardiac Pacemakers, Inc. et al. (CPI) respond. St. Jude replies.

The underlying patent infringement action involves three patents. On November 29, 2000, the district court issued an order regarding claim construction of the three patents. Subsequently, on December 19, 2000, the district court issued an order regarding the "third monitoring means" element of claim 1 of United States Patent 4,572,191 (the '191 patent). The district court held that it could not construe "third monitoring means" because the specification did not disclose a structure associated with the means.

Pursuant to Fed.R.Civ.P. 54(b), the parties jointly moved for entry of a final judgment with respect to the '191 patent. In their motion, the parties stated that they "agree that if the Court's construction of the third monitoring means is legally correct, then the claims of the 191 patent are invalid as a matter of law. Plaintiffs and defendants, therefore, submit that it is unnecessary to proceed to trial with respect to the 191 patent issues. Additionally, plaintiffs wish to pursue an immediate appeal of the 191 patent claim construction ruling."

In its Fed.R.Civ.P. 54(b) judgment, the district court entered judgment in favor of St. Jude on its counterclaim for a declaratory judgment of invalidity of claims 1–14 of the '191 patent. The district court stated that CPI's claim of infringement of the '191 patent was dismissed with prejudice. The district court also stated that St. Jude's counterclaim for declaratory judgments of unenforceability and noninfringement of the '191 patent were dismissed without prejudice as "moot" but "may be reinstated if plaintiffs prevail on appeal with respect to the claim construction issues."

St. Jude's motion to "dismiss" is actually a motion to clarify the issues on appeal or, in the alternative, dismiss one or both appeals. St. Jude argues that if the only issue on appeal is the invalidity of the '191 patent and the district court's claim construction concerning the "third monitoring means" element of that patent, then CPI's appeal is proper and St. Jude's cross appeal may be dismissed. CPI agrees that the only issue this court should review is the invalidity of the '191 patent and the district court's claim construction concerning the "third monitoring means." CPI agrees with St. Jude that we should dismiss the cross appeal because the judgment was not adverse to St. Jude.

Because the district court entered judgment against CPI that its patent is invalid, based on the December 19, 2000 order regarding the "third monitoring means," and because the judgment was not adverse

to St. Jude, we agree that the cross appeal may be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) St. Jude's motion to dismiss is granted in part; St. Jude's cross appeal is dismissed for the reasons stated above.

(2) Each side shall bear its own costs for appeal no. 01–1239.